DREW, E. HARRIS,
Associate Judge (concurring specially).
The crucial issue in this case cannot be decided on the testimony of the chiropractor and the medical doctor alone. There are other established facts which show, without material contradiction, an unbroken chain of circumstances and events which directly connect the injury with the death of the claimant; and the chain is a comparatively short one, with no patently weak links. An injury to the head January 23, 1957 followed by a series of headaches, nausea and confusion of mind, resulting in hospital confinement on January 31st and death on February 10th from cerebral hemorrhage. These facts, supported by the opinion of the chiropractor that death was the result of the injury[1] were of greater probative force, in my opinion, than the expert opinion of the medical doctor to the contrary.
I am of the opinion that the Deputy Commissioner’s findings were not only supported by substantial competent evidence that comports with logic and reason but that the clear preponderance of the evidence required such result.
I, therefore, concur in denial of certio-rari.

. No objection was ever made as to the competency of the chiropractor’s testimony. As a matter of fact, the record shows a ready acceptance of his qualifications by employer’s counsel.